IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY JOE WINDHAM | § | |
|     TDCJ-CID #748342 | § | |
| v. | § | C.A. NO. C-09-290 |
| | § | |
| BILL PIERCE, ET AL. | § | |

## OPINION ORDERING DISMISSAL OF THE ACTION

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims seeking injunctive relief are dismissed as moot. His remaining claims challenging the ability to practice his faith at the Stevenson Unit are dismissed without prejudice.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 6), this case was referred to the undersigned

United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 8); see also 28 U.S.C. § 636(c).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Stevenson Unit in Cuero, Texas. He filed this action on October 28, 2009, complaining that defendants were requiring him to re-take a test before they would transfer him to a Native American designated prison. (D.E. 1). He named as defendants Bill Pierce, head of the TDCJ-CID Chaplaincy Department, and Rick Thaler, Executive Director of the TDCJ-CID.

A Spears[1] hearing was conducted on December 8, 2009. The following allegations were made in plaintiff's original complaint or at the hearing.

Plaintiff is a Native American. He was incarcerated between 1997 through 2007, and housed at the Neal Unit in Amarillo and Stevenson Unit in Cuero, respectfully, which are both designated units for Native American worship. Thus, TDCJ-CID officials are aware of his status, including his religious practices and preferences.

On August 3, 2009, plaintiff was returned to the TDCJ-CID on parole violations, and sent to the Garza West Unit. Once there, plaintiff informed prison officials of his religious beliefs and practices. Plaintiff contacted Chaplain Hubbard at the Garza West Unit and requested that he be transferred to a unit designated for Native American worship.

On August 27, 2009, plaintiff was called to the administrative building where he signed a transfer form. However, on October 5, 2009, plaintiff received a "study packet" for a Native

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

American "test" that the TDCJ-CID requires inmates to pass before they can be transferred to a Native American designated prison.

Plaintiff had already taken the test during his previous period of incarceration. He objected to re-taking the test, arguing that the test violates the free exercise clause because there is sufficient documentation evidencing that he is a practitioner of the Native American faith. He argued also that the test violates the establishment clause because the test has the main effect of inhibiting the practice of his faith. He claimed that the test violates the due process clause because no other religion has a test requirement. Finally, he argued that the test requirement is in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc.

On November 30, 2009, plaintiff was transferred to the Stevenson Unit, which is a designated unit for Native American worship. He had worshiped there when he was previously incarcerated. However, plaintiff testified that the Stevenson Unit is now no better than the Garza West Unit because there is no approved volunteer to lead worship services and the circle is inactive. As a result, plaintiff alleges that he is spiritually unprotected.

When plaintiff filed his action while at the Garza West Unit, he sought a preliminary injunction to (1) transfer him to a Native American designated unit; and (2) enjoin the TDCJ from administering the test to Native American inmates. He also requested that exhaustion of administrative remedies be waived. Now that he is at the Stevenson Unit, he wants the circle reactivated and a volunteer or clergy assigned so that he and other Native Americans can practice their faith.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  It is well established that "[to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.     Plaintiff's Request For Injunctive Relief Is Moot Based On His Transfer.**

At the time plaintiff filed suit, the relief he sought was to be transferred to a unit that was designated for Native American worship regardless of the outcome of the test he was required to take.  Plaintiff was transferred and he is now housed at the Stevenson Unit, which is designated for Native American worship.  As such, his claims challenging the test and his request for injunctive relief have been rendered moot.  See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of facility).  Accordingly, plaintiff's claims for injunctive relief are dismissed.

**C.      Plaintiff's Claims Regarding The Inadequacy Of Worship For Native Americans At The Stevenson Unit Are Dismissed Without Prejudice.**

At his Spears hearing, plaintiff asserted that the Stevenson Unit is inadequate for Native American worship.  The Stevenson Unit is in DeWitt County, Texas, which is located in the Victoria Division of the Southern District of Texas.  See 28 U.S.C. § 124(b)(5).  Plaintiff must raise his claims challenging the quality of the religious services available in the proper venue.  He should also consider the importance of exhausting all administrative remedies concerning these claims before filing a complaint in federal court.  See 42 U.S.C. § 1997e.  Accordingly, his claims challenging the conditions for religious practice at the Stevenson Unit are dismissed without prejudice to plaintiff bringing those claims in the appropriate venue.

## IV.  CONCLUSION

For the reasons stated above, plaintiff's claims seeking injunctive relief against the named defendants are dismissed as moot.  His remaining claims complaining about religious services at the Stevenson Unit are dismissed without prejudice.

ORDERED this 21st day of January 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE