IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY JOE WINDHAM | § | |
|     TDCJ-CID #748342 | § | |
| v. | § | C.A. NO. C-09-290 |
| | § | |
| BILL PIERCE, ET AL. | § | |

## OPINION DENYING PLAINTIFF'S MOTION TO RECONSIDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion to reconsider the dismissal of his action. (D.E. 14). For the reasons discussed below, plaintiff's motion is denied.

### I. BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Stevenson Unit in Cuero, Texas. He filed this action on October 28, 2009 while at the Garza West Unit, complaining that defendants were requiring him to re-take a test before they would transfer him to a Native American designated prison. (D.E. 1).

Plaintiff is a Native American, who was incarcerated between 1997 through 2007 at the Neal Unit and Stevenson Unit, which are both designated units for Native American worship. Thus, TDCJ-CID officials are aware of his status, including his religious practices and preferences.

On August 3, 2009, plaintiff was returned to the TDCJ-CID on parole violations, and sent to the Garza West Unit. Once there, plaintiff informed prison officials of his religious beliefs and practices. Plaintiff contacted Chaplain Hubbard at the Garza West Unit and requested that he be transferred to a unit designated for Native American worship.

On August 27, 2009, plaintiff was called to the administrative building where he signed a transfer form. However, on October 5, 2009, plaintiff received a "study packet" for a Native American "test" that the TDCJ-CID requires inmates to pass before they can be transferred to a Native American designated prison. Because plaintiff had already taken the test during his previous period of incarceration, he objected to re-taking the test, arguing that the test violates his rights.

On November 30, 2009, plaintiff was transferred to the Stevenson Unit, which is a designated unit for Native American worship. He had worshiped there when he was previously incarcerated. However, plaintiff testified that the Stevenson Unit is now no better than the Garza West Unit because there is no approved volunteer to lead worship services and the circle is inactive.

When plaintiff filed his action while at the Garza West Unit, he sought a preliminary injunction to (1) transfer him to a Native American designated unit; and (2) enjoin the TDCJ from administering the test to Native American inmates, which arguably sought to pursue a class action against the TDCJ based on the administration of the test. Now that he is at the Stevenson Unit, he wants the circle reactivated and a volunteer or clergy assigned so that he and other Native Americans can practice their faith.

On November 25, 2009, a telephonic hearing was held addressing plaintiff's claims. On January 21, 2010, plaintiff's action was dismissed as moot after he was transferred and final judgment was entered. (D.E. 12, 13); see also Windham v. Pierce, No. C-09-290, 2010 WL 324776 (S.D. Tex. Jan. 21, 2010) (unpublished).

## II.  DISCUSSION

### A.  Plaintiff's Motion Is Timely.

A motion to reconsider is timely "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).  Final judgment was entered on January 21, 2010.  (D.E. 13).  Plaintiff's motion was filed with this Court on January 28, 2010 and thus was timely filed.

### B.  Legal Standard For Relief Pursuant To Rule 59.

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted).  Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits.  Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793 (citation omitted).  To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence.  Id. at 479.

### C.  Plaintiff Has Not Established That His Claims Are Capable Of Repetition, Yet Evading Review.

The Fifth Circuit has explained that "[a]n action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome."  Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388 (1980)).

Plaintiff argues that his claim is not moot because it satisfies the "capable of repetition, yet evading review" exception to mootness.  (D.E. 14, at 2).  As the Supreme Court has

explained, plaintiff must demonstrate two prongs in order to satisfy this exception: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the complaining party would be subject to the same action again." Illinois State Bd. of Elections v. Socialist Worker Party, 440 U.S. 173, 187 (1979) (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)); see also Libertarian Party v. Dardenne, __ F.3d __, 2010 WL 184295, at *1 (5th Cir. Jan. 21, 2010). The Fifth Circuit has elaborated on the "capable of repetition" prong:

> Under the exception's "capable of repetition" prong, Appellants "must show either a 'demonstrated probability' or a 'reasonable expectation,'" *Oliver v. Scott*, 276 F.3d 731, 741 (5th Cir. 2002), that they will "be subject to the same [unlawful governmental] action again," *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Dardenne, __ F.3d __, 2010 WL 184295, at *2; accord Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown, 948 F.2d 1436, 1447 (5th Cir. 1991). Indeed, the "'mere physical or theoretical possibility' is not sufficient to satisfy this prong of the exception." Dardenne, __ F.3d __, 2010 WL 184295, at *2 (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)). "The *evading review* prong of the exception requires that the type of harm be of limited duration so that it is likely to be moot before litigation is completed." Vieux Carre, 948 F.2d at 1447 (italics in original) (citations omitted).

Furthermore, the "capable of repetition, yet evading review" "exception applies 'only in exceptional situations.'" Benavides v. Housing Auth. of the City of San Antonio, 238 F.3d 667, 671 (5th Cir. 2001) (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)). Plaintiff has the burden of establishing that the exception applies in his case. Dardenne, __ F.3d __, 2010 WL 184295, at *1.

When plaintiff filed his action, he sought a transfer to a unit that was designated for Native American worship and an order barring prison officials from requiring him to take the test again. Plaintiff was transferred and he is now housed at the Stevenson Unit, which he indicated is designated for Native American worship.[1] Because he did not have to take the test again, he suffered no injury and thus lacks standing to challenge the test. See Thompson v. Scott, 86 F. App'x 17, 18 (5th Cir. 2004) (per curiam) (unpublished). Moreover, as a Native American inmate who is now incarcerated at a prison designated for Native American worship and who is permitted to worship, plaintiff cannot demonstrate how he will be required to take the test again. See Dardenne, __ F.3d __, 2010 WL 184295, at *2; Benavides, 238 F.3d at 671-72.

Finally, plaintiff has not established that his action would always be of too short a duration to evade review. Indeed, the reason his action was briefly contested is because the prison officials did not compel him to take the test and transferred him to a prison unit designated for Native American worship. Plaintiff provides no support for his position that a similar action would be resolved in the same manner.

Accordingly, plaintiff has failed in satisfying his burden that his claims are capable of repetition, yet evading review.

---

[1] Citing Scott v. District of Columbia, 139 F.3d 940, 942 (D.C. Cir. 1998), plaintiff argues that "[a] transfer may not moot the case if the department or officials whom the claim [sic] are against are also in charge of the new prison." (D.E. 14, at 2). In Scott, the court held that the appeal of an injunction issued on behalf of two inmates barring their exposure to second-hand tobacco smoke was not moot after they were transferred to a facility in Ohio because they were still under the District of Columbia's jurisdiction. 139 F.3d at 941-42. This decision is inapplicable here because while the exposure to smoke was an ongoing problem, plaintiff's claims about being deprived of a unit designated for Native American worship and being required to retake the test no longer exist.

**D.     A Class Action Has Not Been Certified.**

In the pending motion, plaintiff argues that his claim regarding the test sought relief for not only himself, but other Native American inmates. (D.E. 14, at 2); see also (D.E. 1, at 5).

Pursuant to the Federal Rules of Civil Procedure, a plaintiff seeking class action certification, must establish a number of prerequisites:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a) (emphasis added). Plaintiff has the burden of proof to establish these prerequisites. Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1038 (5th Cir. 1981). In order for the class action to proceed, the trial court must issue a certification order, which will "define the class and the class claims, issues, or defenses." Fed. R. Civ. P. 23(c)(1).

A certification order has not been issued regarding any purported class of plaintiffs. Although plaintiff asserts that he wants his lawsuit to be a class action, he has not provided any information regarding the prerequisites for class certification. Thus, he has not met his burden for establishing a class action.

The Fifth Circuit has determined "that a purported class action is moot where the named plaintiff's individual claim became moot before class certification." Rocky, 900 F.2d at 869. Here, plaintiff's claims regarding the test are moot. Additionally, there is no evidence to

establish that the purported class members' claim is "capable of repetition, yet evading review." See id. at 869-70.

## III.  CONCLUSION

For the reasons stated above, plaintiff's motion to reconsider, (D.E. 14), is hereby DENIED.

ORDERED this 18th day of February 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE